IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PERRY LEE JACKSON, JR.                                                                                    PLAINTIFF
ADC #90614

V.                                        NO: 5:14CV00315 DPM/HDY

MARK TAYLOR *et al.*                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Perry Lee Jackson, Jr., an Arkansas Department of Correction ("ADC") inmate, filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on August 20, 2014, alleging that he was improperly removed from his prison job and reduced in class. On January 29, 2015, Defendants Mark Cashion, Sharmon McFadden, Joe Page, and Mark Taylor, filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #27-#29). Plaintiff filed what has been docketed as a motion for summary judgment (docket entry #32) which is in reality a response to Defendants' motion.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendants assert they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as to any Defendant before he filed his lawsuit. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their motion, Defendants have provided the affidavit of Barbara Williams, an ADC inmate grievance supervisor (docket entry #28-2). According to Williams, Plaintiff filed no grievances naming Cashion, McFadden, or Page. Williams further asserts that Plaintiff did name Taylor in a grievance, but it was not appealed in timely manner, and was rejected, and therefore not

fully and properly exhausted pursuant to the ADC's grievance procedure.[1] In his response, Plaintiff asserts that he did in fact exhaust his grievances, but provides no evidence to support his claim. The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Because Plaintiff failed to properly exhaust any grievance relating to the claims in this lawsuit before he filed it, Defendants are entitled to summary judgment.[2]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #27) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's motion for summary judgment (docket entry #32) be DENIED.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __23__ day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] ADC grievance procedure requires inmates to name the individuals involved, and to appeal to the deputy or assistant director within 5 working days of the warden's decision (docket entry #28-1, pages #5, #6, & #11). Plaintiff's appeal was not received by the director's office until more than a month after the warden's decision (docket entry #28-3).

[2] Even if Plaintiff had exhausted his claims, dismissal would be required because prisoners have no constitutional right to a prison job or wages. *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992)(no right to vocational opportunities); *Jennings v. Lombardi*, 70 F.3d 994, 995 (8th Cir. 1995) (no right to prison wages).